**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Plaintiff,**

v.

**NEW YORK CITY HOUSING AUTHORITY, Caruso-Sturcey Corporation, Arnold Lewis, as Assignee of Caruso-Sturcey Corporation, People of the State of New York and United States of America, Defendants.**

United States District Court
S. D. New York.
Dec. 4, 1957.

88

Maurice, McNamee & Dart, New York City, for plaintiff. Stewart Maurice, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of New York, for defendant People of State of New York. Samuel Backlar, Asst. Atty. Gen., of counsel.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, for the United States. John S. Clark, Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

Plaintiff moves for summary judgment.

The suit is one by Fidelity and Deposit Company of Maryland, surety on the bond of Caruso-Sturcey Corporation, a building contractor, to recover the sum of $46,392.51 from defendant New York City Housing Authority, hereinafter referred to as the owner. That sum is the amount equal to the unpaid balance of the contract price for heating and ventilating work that the contractor agreed to do for the owner. Plaintiff, as surety on the contract, paid laborers and materialmen whom the contractor in breach of its contract had failed to pay. The amount paid by the surety was in excess of the amount unpaid under the contract and plaintiff seeks to apply the unpaid amount in reduction of its claim. Taxes are due from the contractor both to the United States of America and the State of New York and both asserted liens upon the contractor's claim against the owner.

The case was tried before me and I held, D.C., 140 F.Supp. 298, that federal law applied, citing United States v. Kings County Iron Works, Inc., 2 Cir., 224 F.2d 232, 235. Accordingly I applied United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022, as I interpreted it, and held that the Government had a paramount lien upon the contractor's claim. Judgment for the Government was entered.

On appeal the Court of Appeals reversed the judgment, 2 Cir., 241 F.2d 142, holding that the nature of the interest of the contractor, as distinguished from the priority of the Government, was to be determined by the law of the State of New York. The Court, at page 145, said that the Kings County Iron Works case did no more than hold that state-law classification of a right as a trust did not preclude its classification as a lien upon federal inquiry into its nature. The court therefore applied New York law as expressed in United States Fidelity & Guaranty Co. v. Triborough Bridge Authority, 297 N.Y. 31, 74 N.E.2d 226, and held that the owner had no property right in the unpaid portion of the purchase price to which any lien of the Government could attach. The case was therefore remanded.

Plaintiff, instead of seeking a new trial, has moved for summary judgment. This procedure is quite proper since there is no dispute as to the facts.

The Government, though held by the Court of Appeals to be without right as lienor upon any property right of the contractor, is still in the field asserting a priority over the surety. I must therefore determine the respective rights of

the parties and, to do that, I must determine what law governs.

The Court of Appeals in its opinion in this case said, 241 F.2d at page 145:

"These cases make it perfectly clear that: (1) the classification of state created rights and (2) the weighing of relative priorities under Section 3670, are both matters of federal law. But here we are concerned with the question of whether or not a contractual right exists and that we hold is a matter of state law only."

From this I conclude that in determining whether a right exists I must look to state law if its creation would be within state competence and federal law if its creation would be within federal competence. Then, in classifying a state created right according to its true nature, for purposes of resolution of competing state and federal claims, I am not bound by the name that the state law applies to it but must apply federal law. Finally, I must apply federal law in determining the relative priority of a federally created right, on the one hand, and state created rights on the other.

Any right which the surety in this case may have to the withheld funds is state created. The New York State case of United States Fidelity & Guaranty Co. v. Triborough Bridge Authority, 297 N. Y. 31, 74 N.E.2d 226, supra, as an alternative ground undiscussed by our Court of Appeals in reversing, held that the surety, in a case such as this, obtains an equitable lien upon the withheld funds. I believe that United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022, supra, holds to the contrary, but, even so, it does not purport to declare the law of the State of New York.[1]

It is thus established that the surety has an equitable lien on the withheld funds. It is also established that the Government has no lien on any right of its debtor, the contractor, and no one has suggested any other avenue through which the Government could reach the withheld funds. Since the Government has no interest in the withheld funds, no question arises either as to the true nature of the surety's equitable lien thereon or as to the relative priority of interests of the surety and the Government therein.

The Government suggests that an appeal to the Court of Appeals of the State of New York is now pending from the judgment of the Appellate Division in Aetna Casualty & Surety Co. v. Horticultural Service, Inc., 2 A.D.2d 963, 158 N.Y.S.2d 750, a case which followed the ruling in the Triborough case, and that I ought to withhold decision until a final determination of that appeal. As a general proposition I am loath to delay the enforcement of the rights of litigants in anticipation of a possible change in controlling law. In this case, moreover, it would serve no purpose, since substantially the same result can be obtained by the taking of an appeal from my present determination and keeping it pending until the determination of the Horticultural Service appeal by the State Court of Appeals.

Judgment is awarded plaintiff against the New York City Housing Authority for $46,392.51, and the claims of all other parties are dismissed.

With respect to the time for appeal counsel will please note the provisions of Rule 58, F.R.Civ.P.

---

1. Evidently its effect must be limited to cases like it where government contracts are concerned and where consequently a general federal common law rather than the law of a specific state is applied. Priebe & Sons v. United States, 332 U.S. 407, 411, 68 S.Ct. 123, 92 L.Ed. 34.